WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200
(212) 354-8113 (Fax)
Thomas E Lauria (*pro hac vice admission pending*)
Gerard Uzzi
J. Christopher Shore
Elizabeth Feld

Proposed Special Counsel to the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DYNEGY HOLDINGS, LLC, <u>et al.</u>,[1] | ) | Case No. 11- 38111 (___) |
| | ) | |
| | ) | Joint Administration Pending |
| Debtors. | ) | |
| | ) | |

**MOTION OF THE DEBTORS PURSUANT TO SECTION 365(d)(3) OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014
TO EXTEND THE DEBTORS' TIME FOR PERFORMANCE UNDER THE LEASE
<u>DOCUMENTS</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Dynegy Holdings, LLC ("<u>Holdings</u>"), and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by and

though their undersigned counsel, hereby file this motion (the "<u>Motion to Extend</u>") for the entry

of an order authorizing the Debtors to extend the time for them to perform under the Lease

Documents (as defined herein) for sixty (60) days from the Petition Date (as defined herein).  In

support of the Motion to Extend, the Debtors respectfully state as follows:

---

[1]  The Debtors in these chapter 11 cases are Dynegy Holdings, LLC, Dynegy Northeast Generation, Inc., Hudson
Power LLC, Dynegy Danskammer, L.L.C. and Dynegy Roseton, L.L.C.

## Background

1.      On November 7, 2011 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Concurrently herewith, the Debtors have filed their Motion Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006 for Entry of an Order Authorizing the Debtors to Reject the Lease Documents (the "Motion to Reject").  Additional information regarding the relief sought in the Motion to Reject is contained in the Declaration of Martin W. Daley in Support of the Motion to Reject (the "Daley Declaration") and the Declaration of Kent R. Stephenson in Support of First Day Motions (the "Stephenson Declaration").  The facts relevant to this Motion to Extend are set forth in detail in the Motion to Reject, the Daley Declaration, and the Stephenson Declaration and are hereby incorporated by reference in their entirety.  Capitalized terms used but not separately defined herein have the meanings ascribed to such terms in the Motion to Reject.

## Jurisdiction and Venue

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

4.      Pursuant to section 365(d)(3) of the Bankruptcy Code, Dynegy

Danskammer L.L.C. and Dynegy Roseton L.L.C. (the "Debtor Lessees") hereby seek entry of an

order extending the time for making periodic lease payments under the Lease Documents for a

period of sixty (60) days from the Petition Date.

**Summary of Relevant Facts**

5.      The issue here is as follows:  Under section 365(d)(3) of the Bankruptcy

Code, a debtor "shall timely perform all [its] obligations … arising from and after the order for

relief under any unexpired lease of nonresidential real property, until such lease is assumed or

rejected …."  11 U.S.C. § 365(d)(3).  The Lease Documents here constitute unexpired leases of

nonresidential real property.  Under the terms of the Lease Documents, lease payments are due

on November 8, 2011 in the aggregate amount of $82,482,840 (approximately $3.9 million under

the Danskammer Lease and approximately $78.6 million under the Roseton Lease) (collectively,

the "November 8th Lease Payments").  Following November 8, 2011, a five (5) business day

grace period exists during which the Debtor Lessees may make the November 8th Lease

Payments and avoid triggering an event of default under the Lease Documents.  See Daley

Declaration ¶ 16 n. 3.  For practical purposes, then, the Debtor Lessees must make the November

8th Lease Payments on or before November 15, 2011.

6.      By the Motion to Reject, the Debtors request that the Court enter its order

authorizing rejection of the Lease Documents, and deeming such rejection to be retroactively

effective as of November 7, 2011, i.e., before the Debtor Lessees must make the November 8th

Lease Payments.  See Motion to Reject ¶ 5.  The Court's decision on the issue of retroactivity,

however, cannot be rendered until after the hearing on the Motion to Reject currently scheduled

for November 21, 2011, which is 6 days after the November 8th Lease Payments are due (taking into account the five (5) business day grace period). This Motion to Extend seeks to temporarily extend this payment deadline, pending the Court's decision on retroactive rejection of the Lease Documents. As set forth below and in the Motion to Reject, the granting of the relief requested in the Motion to Reject will eventually render such extension moot, but in the meantime the requested extension will avoid significant potential harm to the Debtor Lessees and their estates.

**Basis for Relief**

7.        Section 365(d)(3) of the Bankruptcy Code provides that "[t]he trustee shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)." Courts have generally recognized that this statutory language requires debtors to make periodic rent payments owing on an unexpired lease that comes due during the period between the petition date and the date the lease is rejected. See In re BH S&B Holdings LLC, 401 B.R. 96, 100 (Bankr. S.D.N.Y. 2009) ("On its face, section 365(d)(3) only applies to obligations under a nonresidential lease that arise postpetition and pre-rejection"). Nonetheless, section 365(d)(3) specifies an exception to this general requirement: "The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period." 11 U.S.C. § 365(d)(3). The Bankruptcy Code does not define what constitutes "cause" to extend, and courts exercise discretion when determining whether "cause" exists. See In re Pac-West Telecomm, Inc., 377 B.R. 119, 126 (Bankr. D. Del. 2007) (recognizing that whether "cause" exists is subject to a court's discretion). Cause exists here to extend the November 8th Lease Payments deadline for two principal reasons.

### A. *Payment of the November 8th Lease Payments Prior to Determination of Rejection Will Prejudice the Debtors*

8.     As described in the Motion to Reject, the Debtors seek to exercise their fundamental right in chapter 11 to reject unfavorable, unexpired leases and executory contracts under section 365 of the Bankruptcy Code.  No legitimate basis exists for opposing the substantive relief requested in the Motion to Reject.  The Motion to Reject also seeks retroactive relief that, if granted, will obviate the need to make the November 8th Lease Payments altogether and will avoid the Debtors' potential incurrence of substantial administrative expense claims.[2] Given that retroactive rejection of the Lease Documents will effectively eliminate any underlying payment obligations, the Court should exercise its discretion to extend the deadline for the November 8th Lease Payments until it has had the opportunity to consider and rule upon the Motion to Reject.

9.     The prejudice to the Debtors if the deadline is not extended could be irreparable.  In accordance with the Lease Documents, periodic lease payments are immediately transferred by the Owner Lessors to the "Pass-Through Certificate Holders," which are holders of securities issued by the Owner Lessors.  Those holders' identities are not known to the Debtors.  As a result, if the Debtor Lessees made any payments prior to rejection, and the Court later determined that the payments were unnecessary or unwarranted, the Debtors might be unable to claw back any such payments through avoidance actions or other litigation.

10.     Even if the Court ultimately declines to order the lease rejection nunc pro tunc to November 7, 2011, the Debtors would still be prejudiced if this Motion to Extend is not granted.  At a minimum, the Debtors may be liable – as an administrative expense – for each

---

[2]  Nothing herein constitutes an admission with respect to the Debtors' potential administrative liability, if any, under the Lease Documents with respect to the November 8th Lease Payments or otherwise, and the Debtors reserve the right to dispute any future claim, including any administrative claim, that may be asserted under the Lease Documents.

day's incremental lease expense from the Petition Date until such time as the Lease Documents are deemed rejected.[3]  Based on the approximately $82.5 million payment amount calculated over the 181-day lease payment period, that expense comes to approximately $456,000 per day. Further, it is anticipated that the Owner Lessors would likely argue that the Debtors are liable for the full $82.5 million on an administrative priority basis, a position which the Debtors would dispute in any event, but the mere opportunity for the Owner Lessors to assert this argument could be highly detrimental to the Debtors and their estates.

B.    *No Practical Ability to Pay*

11.    Cause also exists to extend the deadline for payment obligations under the Lease Documents because the Debtor Lessees simply lack sufficient resources to make the November 8th Lease Payments.  As set forth in the Intercompany Funding Motion,[4] the Debtor Lessees have no funds and must access an intercompany revolving credit facility in the aggregate amount of $15 million just to fund their ordinary maintenance expenses.  Even these funds will be unavailable to the Debtor Lessees until the Court authorizes the first $6 million in borrowing after an interim hearing and the remaining $9 million after a final hearing.  In any event, even immediate access to the full $15 million would fall far short of funding the November 8th Lease Payments, which aggregate approximately $82.5 million.  Absent the relief requested herein, the Debtor Lessees could become obligated to make these payments with funds they do not have. The Court should exercise its discretion to extend this payment deadline to ensure that the

_____

[3] See footnote 2, supra.

[4] See Debtors' Motion for an Interim and Final Order (I) Authorizing Dynegy Holdings, LLC to Provide Intercompany Post-Petition Financing to its Debtor Subsidiaries under Sections 362, 363 and 364 of the Bankruptcy Code, (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c), and (III) Granting Related Relief (the "Intercompany Funding Motion").

Debtors' lack of funds does not cause them to fail to satisfy their obligations under the Bankruptcy Code.

## Notice

12.     No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the Attorney General for the State of New York; (iv) the Internal Revenue Service; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) counsel to the ad hoc group of the holders of Dynegy Holdings, LLC's prepetition unsecured notes; (vii) Wilmington Trust Company, the indenture trustee for each series of Dynegy Holdings, LLC's prepetition unsecured notes; (viii) counsel to U.S. Bank National Association, the successor lease indenture trustee for the pass-through certificate holders; (ix) counsel to PSEG; (x) Local Union 320 of the International Brotherhood of Electrical Workers, AFL-CIO; and (xi) the Owner Lessors (collectively, the "Notice Parties"). The Debtors submit that no other or further notice need be provided. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, in a form substantially similar to Exhibit A attached hereto, granting the Debtors a 60-day extension of time to make the November 8th Lease Payments, and (ii) grant such other and further relief as the Court may deem appropriate.

Dated: November 7, 2011
       New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Thomas E Lauria (*pro hac vice admission pending*)
Gerard Uzzi
J. Christopher Shore
Elizabeth Feld

By: */s/ J. Christopher Shore*

Proposed Special Counsel to the Debtors

# EXHIBIT A

# (PROPOSED ORDER)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DYNEGY HOLDINGS, LLC, <u>et al.</u>,[1] | ) | Case No. 11- 38111 (___) |
| | ) | |
| | ) | Joint Administration Pending |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO
SECTION 365(d)(3) OF THE BANKRUPTCY CODE AND FEDERAL RULE
OF BANKRUPTCY PROCEDURE 9014 TO EXTEND THE DEBTORS'
<u>TIME FOR PERFORMANCE UNDER THE LEASE DOCUMENTS</u>**

Upon the Motion to Extend,[2] dated November 7, 2011, of Dynegy Holdings, LLC and its

affiliated debtors in the above-captioned chapter 11 cases (together, the "<u>Debtors</u>"), requesting

entry of an order pursuant to section 365(d)(3) of the Bankruptcy Code extending the time for the

Debtors to perform under the Lease Documents; and the Court having reviewed the Motion to

Extend; and it appearing and the Court having found and determined that (i) the Court has

jurisdiction to consider the Motion to Extend and the relief requested therein in accordance with

28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.), (ii) the Motion to Extend is a core proceeding pursuant to 28 U.S.C. §

157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv)

in accordance with the Order to Show Cause Scheduling Expedited Hearing, dated November

___, 2011, due and proper notice of the Motion to Extend has been provided to the Notice

Parties; and it appearing that no other or further notice need be provided; and a hearing having

---

[1] The Debtors in these chapter 11 cases are Dynegy Holdings, LLC, Dynegy Northeast Generation, Inc., Hudson
Power LLC, Dynegy Danskammer, L.L.C. and Dynegy Roseton, L.L.C.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to
Extend.

been held on November ___, 2011 to consider the relief requested in the Motion to Extend; and

the Court having found and determined based upon the Motion to Extend, and the entire record

of the proceedings including at the hearing on the Motion to Extend, that cause exists to extend

the time for the Debtors' performance under the Lease Documents, that the relief requested in the

Motion to Extend is in the best interests of the Debtors, their estates and creditors, and that the

legal and factual bases set forth in the Motion to Extend establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY

ORDERED, that the Motion to Extend is granted; and it is further

ORDERED, that the time for the Debtors to perform under the Lease Documents is

hereby extended to the date that is sixty (60) days from the Petition Date; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.


Dated: November ___, 2011          _____
      Poughkeepsie, New York          UNITED STATES BANKRUPTCY JUDGE