UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
DYNEGY HOLDINGS, LLC, et al.,[1]                             :   Case No. 11-38111 (CGM)
                                                             :
                                                             :   Jointly Administered
                            Debtors.                         :
------------------------------------------------------------ x   **Related Dkt. No. 8**

**INTERIM ORDER AUTHORIZING (I) CONTINUATION OF PREPETITION
INSURANCE POLICIES IN THE ORDINARY COURSE OF BUSINESS,
(II) PAYMENT OF ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF,
AND (III) PAYMENT OF CERTAIN POST-PETITION INSTALLMENT PAYMENTS**

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for (A) entry of an Interim Order authorizing (i) the continuation of all of the Debtors' prepetition insurance policies in the ordinary course of business, (ii) the payment of all prepetition obligations in respect thereof, (iii) the payment of post-petition installment payments, and (B) the scheduling of a Final Hearing on the relief requested therein and entry of a Final Order; and upon consideration of the Motion and all pleadings related thereto, including the Stephenson Declaration; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.), (b) this matter

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are Dynegy Holdings, LLC (8415); Dynegy Northeast Generation, Inc. (6760); Hudson Power, L.L.C. (NONE); Dynegy Danskammer, L.L.C. (9301); and Dynegy Roseton, L.L.C. (9299). The location of the Debtors' corporate headquarters and the service address for Dynegy Holdings, LLC, Dynegy Northeast Generation, Inc. and Hudson Power, L.L.C. is 1000 Louisiana Street, Suite 5800, Houston, Texas 77002. The location of the service address for Dynegy Roseton, L.L.C. is 992 River Road, Newburgh, New York 12550. The location of the service address for Dynegy Danskammer, L.L.C. is 994 River Road, Newburgh, New York 12550.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Motion.

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted as set forth herein on an interim basis; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to honor the terms of their Insurance Policies; and it is further

ORDERED, that the Debtors are authorized, in their discretion, to pay those certain Installment Premiums that come due under the Insurance Policies after the Petition Date but prior to the entry of a Final Order on the Motion; and it is further

ORDERED, that any payments authorized in this Interim Order may be made either directly to an Insurance Carrier or, consistent with the Debtors' current practice and in the ordinary course of business, to any affiliate of the Debtors that makes such payment to the Insurance Carrier on the Debtors' behalf; and it is further

ORDERED, that nothing in the Motion or this Interim Order, or the Debtors' payment of premium payments pursuant to this Interim Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors' banks and financial institutions are authorized to process and honor all checks and transfers issued for payments approved by this Interim Order and/or to reissue checks for any payments approved by this Interim Order where checks may be dishonored post-petition without any duty of further inquiry and without liability; and it is further

ORDERED, that the Final Hearing to consider entry of a Final Order granting the relief requested in the Motion on a final basis shall be held on **December 2, 2011 at 10:00 am Eastern Time**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) in accordance with General Order M-242, and served upon (a) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Brian J. Lohan and Sophia P. Mullen; (b) the Office of the United States Trustee, 74 Chapel Street, Suite 200, Albany, New York 12207, Attn: Lisa Penpraze; and (c) counsel for any statutory committee appointed in these chapter 11 cases, in each case so as to be received no later than **5:00 pm Eastern Time on November 23, 2011**; and it is further

ORDERED, that the requirements of Bankruptcy Rule 6003(b) are satisfied; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order; and it is further

ORDERED, that (i) the fourteen (14) day stay under Fed. R. Bankr. P. 6004(h) is hereby waived with respect to this Interim Order and (ii) the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

Dated: Poughkeepsie, New York
November 9 2011

*/s/ Cecelia G. Morris*
THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE