UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                     :
In re:                                      :          Chapter 11
                                                     :
DYNEGY HOLDINGS, LLC, et al.,[1]      :          Case No. 11-38111 (CGM)
                                                     :
                                                     :          Jointly Administered
                           Debtors.             :
------------------------------------------------------------ x          **Related Dkt. No. 12**

**INTERIM ORDER (I) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING OR DISCONTINUING UTILITY
SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY
ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING
PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for (A) entry of an Interim Order (i) prohibiting Utility Providers from altering, refusing, or discontinuing services to the Debtors, except as set forth herein, (ii) deeming the Utility Providers adequately assured of future performance, (iii) establishing procedures for resolving requests for additional adequate assurance of future payment and authorizing the Debtors to provide adequate assurance of future payment to the Utility Providers, and (B) the scheduling of a Final Hearing on the relief requested therein and entry of a Final Order; and upon consideration of the Motion and all pleadings related thereto, including the Stephenson Declaration; and the Court finding that: (a) the Court has jurisdiction

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are Dynegy Holdings, LLC (8415); Dynegy Northeast Generation, Inc. (6760); Hudson Power, L.L.C. (NONE); Dynegy Danskammer, L.L.C. (9301); and Dynegy Roseton, L.L.C. (9299). The location of the Debtors' corporate headquarters and the service address for Dynegy Holdings, LLC, Dynegy Northeast Generation, Inc. and Hudson Power, L.L.C. is 1000 Louisiana Street, Suite 5800, Houston, Texas 77002. The location of the service address for Dynegy Roseton, L.L.C. is 992 River Road, Newburgh, New York 12550. The location of the service address for Dynegy Danskammer, L.L.C. is 994 River Road, Newburgh, New York 12550.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Motion.

over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.), (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted as set forth herein on an interim basis; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices, all undisputed invoices for post-petition Utility Services provided by the Utility Providers; and it is further

ORDERED, that the Debtors shall, on or before twenty (20) days after the Petition Date, deposit a sum equal to fifty percent (50%) of the Debtors' estimated average monthly cost of Utility Services (the "Adequate Assurance Deposit") into an interest-bearing, newly-created, segregated account (the "Adequate Assurance Account"), pending further order of the Court, for the purpose of providing each Utility Provider adequate assurance of payment of its post-petition Utility Services to the Debtors. Through the date that the Final Order approving the Motion is entered, the Adequate Assurance Account shall be maintained with a minimum balance equal to fifty percent (50%) of the Debtors' estimated average monthly cost of Utility Services; and it is further

ORDERED, that, pending the Final Hearing on the Motion, all Utility Providers are prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepaid charges; and it is further

ORDERED, that the Debtors shall serve a copy of the Motion, together with the proposed Final Order, which includes the proposed procedures, on each Utility Provider within three (3) business days after entry of this Order by the Court; and it is further

ORDERED, that if a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtors, the Utility Provider shall serve a request for additional adequate assurance (the "Additional Assurance Request") so that it is received by the Debtors at the following address: Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Brian J. Lohan and Sophia P. Mullen; and it is further

ORDERED, that any Additional Assurance Request shall (i) be in writing; (ii) set forth the location(s) for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; and (iv) set forth why the Utility Provider believes that the Proposed Adequate Assurance is not sufficient assurance of future payment; and it is further

ORDERED, that without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtors, in their discretion, determine that the Additional Assurance Request is reasonable; and it is further

ORDERED, that if the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider, the

Debtors will request a hearing before this Court within a reasonable time after receipt of the Additional Assurance Request to determine the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code, without prejudice to the right of any Utility Provider to seek relief separately under section 366(c)(3) of the Bankruptcy Code (any hearing requested by the Debtors or a Utility Provider, the "<u>Determination Hearing</u>"); and it is further

ORDERED, that without prejudice to the rights of any party-in-interest (including Utility Providers) pursuant to section 366(c)(3) of the Bankruptcy Code, the Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request; and it is further

ORDERED, that nothing in this Interim Order or the Motion shall be deemed to constitute post-petition assumption or rejection of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Final Hearing to consider entry of a Final Order granting the relief requested in the Motion on a final basis shall be held on **December 2, 2011 at 10:00 am Eastern Time**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) in accordance with General Order M-242, and served upon (a) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Brian J. Lohan and Sophia P. Mullen; (b) the Office of the United States Trustee, 74 Chapel Street, Suite 200, Albany, New York 12207, Attn: Lisa Penpraze; and (c) counsel for any statutory committee appointed in these chapter 11 cases, in each case so as to be received no later than **5:00 pm Eastern Time on November 23, 2011**; and it is further

4

ORDERED, that the requirements of Bankruptcy Rule 6003(b) are satisfied; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order; and it is further

ORDERED, that (i) the fourteen (14) day stay under Bankruptcy Rule 6004(h) is hereby waived with respect to this Interim Order and (ii) the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

Dated: Poughkeepsie, New York
November 9, 2011

*/s/ Cecelia G. Morris*
THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE