UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
In re: : Chapter 11
:
DYNEGY HOLDINGS, LLC, et al.,[1] : Case No. 11-38111 (CGM)
:
: Jointly Administered
Debtors. :
------------------------------------------------------------ x **Related Dkt. No. 9**

**INTERIM ORDER AUTHORIZING (I) CONTINUED USE OF THE
EXISTING CASH MANAGEMENT SYSTEM, (II) CONTINUATION
OF CERTAIN INTERCOMPANY TRANSACTIONS, AND
(III) CONTINUED USE OF THE EXISTING BANK ACCOUNTS**

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for (A) entry of an Interim Order authorizing (i) the continued use of the existing Cash Management System, (ii) the continuation of intercompany transactions to obtain the benefit of the Services Agreements on a post-petition basis and in the ordinary course of business, (iii) the continued use of the existing Bank Accounts, and (B) the scheduling of a Final Hearing on the relief requested therein and entry of a Final Order; and upon consideration of the Motion and all pleadings related thereto, including the Stephenson Declaration; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are Dynegy Holdings, LLC (8415); Dynegy Northeast Generation, Inc. (6760); Hudson Power, L.L.C. (NONE); Dynegy Danskammer, L.L.C. (9301); and Dynegy Roseton, L.L.C. (9299). The location of the Debtors' corporate headquarters and the service address for Dynegy Holdings, LLC, Dynegy Northeast Generation, Inc. and Hudson Power, L.L.C. is 1000 Louisiana Street, Suite 5800, Houston, Texas 77002. The location of the service address for Dynegy Roseton, L.L.C. is 992 River Road, Newburgh, New York 12550. The location of the service address for Dynegy Danskammer, L.L.C. is 994 River Road, Newburgh, New York 12550.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Motion.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.), (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted as set forth herein on an interim basis; and it is further

ORDERED, that the Debtors are authorized, in the reasonable exercise of their business judgment, to (i) designate, maintain and continue to use, with the same account numbers, all of the Bank Accounts that were in existence on the Petition Date, including, without limitation, the Bank Accounts identified in Exhibit A to the Motion, and (ii) treat such accounts for all purposes as accounts of the Debtors as debtors in possession; and it is further

ORDERED, that the Debtors are authorized to continue using their Cash Management System to manage their cash, to pay non-debtor affiliates under the Services Agreements and to continue all intercompany transactions thereunder in a manner consistent with the Debtors' prepetition practices; and it is further

ORDERED, that the Debtors are authorized to continue using their existing disbursement accounts for purposes of funding payroll and other operating expenses with the funds currently held in the Bank Accounts, as applicable; and it is further

ORDERED, that the Cash Management Banks are hereby authorized to continue to service and administer all such Bank Accounts as accounts of the relevant Debtor as debtor in

possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, said account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court; and it is further

ORDERED, that except for those checks that may be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid; and it is further

ORDERED, that notwithstanding any other provision of this Interim Order, no Cash Management Bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of a good faith error made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Interim Order; and it is further

ORDERED, that the Cash Management Banks are (a) authorized to accept and honor all representations from the Debtors as to which checks or other items drawn on any account that is the subject of this Interim Order should be honored or dishonored consistent with any order(s) of this Court, whether the checks or other items are dated prior to, on, or subsequent to the Petition Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by an order(s) of the Court, (b) have no duty to inquire as to whether such payments are authorized by any order(s) of this Court and (c) have no liability to any party on

account of following the Debtors' instructions in accordance with this Interim Order; and it is further

ORDERED, that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any bank accounts as they may deem necessary and appropriate; provided, however, that the Debtors shall provide notice of any new bank account(s) to the U.S. Trustee within two (2) days of opening such account(s), and such account(s) shall comply with the requirements of section 345(b) of the Bankruptcy Code; and it is further

ORDERED, that any and all accounts opened by the Debtors on or after the Petition Date at any Cash Management Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on Exhibit A to the Motion) and subject to the rights and obligations of this Interim Order; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay prepetition Service Charges outstanding as of the Petition Date, if any, owed to the Cash Management Banks in connection with the maintenance of the Cash Management System; and it is further

ORDERED, that the Debtors are authorized to use the P Cards on the same basis as prior to the Petition Date; and it is further

ORDERED, that the Debtors shall use their best efforts to print "Debtor in Possession" or "DIP" on their Business Forms immediately upon the Petition Date, and to the extent that certain Business Forms are inadvertently sent or issued without such designation within five (5) business days of the Petition Date, the requirements of the U.S. Trustee Operating Guidelines are waived as to any such use of Business Forms; and it is further

ORDERED, that the Debtors are authorized to make disbursements from the Bank Accounts other than by check, to the extent such disbursements are consistent with the Debtors' existing cash management practices; and it is further

ORDERED, that effective <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date, the Cash Management Banks shall be, and hereby are, authorized and directed to receive, process, honor and pay any and all prepetition checks and electronic transfers authorized for payment by the Court and any and all post-petition checks and electronic transfers; and it is further

ORDERED, that the Debtors are authorized to deposit funds in accordance with their established deposit practices in effect as of the commencement of these cases and, to the extent such deposit practices are or become inconsistent with the requirements of section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines, the Debtors may seek a waiver of such requirements; and it is further

ORDERED, that the Final Hearing to consider entry of a Final Order granting the relief requested in the Motion on a final basis shall be held on **December 2, 2011 at 10:00 am Eastern Time**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) in accordance with General Order M-242, and served upon (a) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Brian J. Lohan and Sophia P. Mullen; (b) the Office of the United States Trustee, 74 Chapel Street, Suite 200, Albany, New York 12207, Attn: Lisa Penpraze; and (c) counsel for any statutory committee appointed in these chapter 11 cases, in each case so as to be received no later than **5:00 pm Eastern Time on November 23, 2011**; and it is further

ORDERED, that the requirements of Bankruptcy Rule 6003(b) are satisfied; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order; and it is further

ORDERED, that (i) the fourteen (14) day stay under Bankruptcy Rule 6004(h) is hereby waived with respect to this Interim Order and (ii) the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

Dated: Poughkeepsie, New York
November 10, 2011

> */s/ Cecelia G. Morris*
> THE HONORABLE CECELIA G. MORRIS
> UNITED STATES BANKRUPTCY JUDGE

No Objection:
United States Trustee

By: /s/ Eric J. Small   11/9/11