UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                            :

In re:                                   :         Chapter 11
                                            :

DYNEGY HOLDINGS, LLC, et al.,[1]     :         Case No. 11-38111 (CGM)
                                            :
                                            :         Jointly Administered
                Debtors.            :
------------------------------------------------------------ x    **Related Dkt. No. 17**

### INTERIM ORDER AUTHORIZING PAYMENT OF
### CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS,
### SHIPPERS AND OTHER LIEN CLAIMANTS AND CERTAIN RELATED RELIEF

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for (A) entry of an Interim Order (i) authorizing the Debtors, in their discretion, to pay certain prepetition claims of claims of critical trade vendors (the "Critical Vendors"), (ii) authorizing the Debtors, in their discretion, to pay certain prepetition claims of certain essential carriers that deliver goods and materials to the Debtors (the "Shippers"), (iii) authorizing the Debtors, in their discretion, to pay certain prepetition claims of certain essential mechanics and service providers (collectively, the "Lien Claimants"), (iv) granting administrative priority status to all undisputed obligations of the Debtors owing to vendors arising from the post-petition delivery of goods and post-petition rendering of services ordered prior to the Petition Date and authorizing the Debtors to pay such obligations in the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are Dynegy Holdings, LLC (8415); Dynegy Northeast Generation, Inc. (6760); Hudson Power, L.L.C. (NONE); Dynegy Danskammer, L.L.C. (9301); and Dynegy Roseton, L.L.C. (9299). The location of the Debtors' corporate headquarters and the service address for Dynegy Holdings, LLC, Dynegy Northeast Generation, Inc. and Hudson Power, L.L.C. is 1000 Louisiana Street, Suite 5800, Houston, Texas 77002. The location of the service address for Dynegy Roseton, L.L.C. is 992 River Road, Newburgh, New York 12550. The location of the service address for Dynegy Danskammer, L.L.C. is 994 River Road, Newburgh, New York 12550.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Motion.

ordinary course of business, and (v) authorizing and directing banks and other financial institutions at which the Debtors maintain disbursement and other accounts, at the Debtors' instruction, to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks or electronic fund transfers in respect of the relief requested therein, and (B) the scheduling of a Final Hearing on the relief requested therein and entry of a Final Order; and upon consideration of the Motion and all pleadings related thereto, including the Stephenson Declaration; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.), (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted as set forth herein on an interim basis; and it is further

ORDERED, that the Debtors are authorized, in their discretion and in the ordinary course of business, to pay the Critical Vendor Claims, Shippers Claims and Lien Claimant Claims in an aggregate amount not to exceed $300,000 without further order of the Court; provided that, the Office of the United States Trustee and counsel to the Official Committee of Unsecured Creditors (when formed) shall be provided with weekly reports of any payments made under this Interim Order prior to the Final Hearing, if any, with the first report to be

delivered on November 11, 2011; provided further that, counsel to the Debtors shall certify that any payment made under this order prior to the Final Hearing is appropriate under the three (3) prong test set forth in the CoServ decision; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay the prepetition claims of the Critical Vendors who agree to continue to supply goods or services to the Debtors post-petition on terms and conditions acceptable to the Debtors, in their sole discretion in accordance with the payment procedures set forth on Exhibit C to the Motion, which are hereby approved to the extent provided herein; and it is further

ORDERED, that the Debtors shall undertake all appropriate and reasonable efforts to condition payment of Critical Vendor Claims upon the execution of a Critical Vendor Agreement, and the Debtors are authorized, but not required, to enter into such Critical Vendor Agreements when and if the Debtors determine, in the exercise of their sole reasonable business judgment, that it is appropriate to do so; provided that the Debtors' inability to enter into a Critical Vendor Agreement shall not preclude them from paying a Critical Vendor Claim when, in the exercise of their sole reasonable business judgment, such payment is necessary to the Debtors' operations; and it is further

ORDERED, that the execution of the Critical Vendor Agreement by the Debtors shall not be declared a waiver or limitation of any other cause of action, including avoidance actions, that may be held by the Debtors; and it is further

ORDERED, that the Debtors may, in their discretion, apply all payments of Critical Vendor Claims first to the Critical Vendor's claims for goods received by the Debtors within the twenty (20) days prior to the Petition Date and the remainder, if any, to the Critical

Vendor's claims for goods received by the Debtors prior to the twenty (20) day period before the Petition Date; and it is further

ORDERED, that with respect to each Lien Claimant Claim, the Debtors shall not pay such claim unless the Lien Claimant has perfected or, in the Debtors' judgment, is capable of perfecting, or may be capable of perfecting in the future, one or more Statutory Liens in respect of such claim; <u>provided</u>, <u>further</u>, that any payment of a Lien Claimant Claim shall not be deemed to be a waiver of any rights of the Debtors regarding the extent, validity, perfection or possible avoidance of the relevant Statutory Lien; and it is further

ORDERED, that as a condition to receiving any payment pursuant to this Interim Order, the Shippers and the Lien Claimants shall waive and release any previously asserted Statutory Lien on the assets of the Debtors; and it is further

ORDERED, that the Debtors, in their discretion, shall undertake appropriate efforts to cause the Shippers and the Lien Claimants to acknowledge in writing that payment of their prepetition claims is conditioned upon the applicable Shipper or Lien Claimant continuing to supply goods and services to the Debtors on trade terms that, at a minimum, such Lien Claimant provided to the Debtors on a historical basis prior to the Petition Date, or such other trade practices and programs that are at least as favorable to the Debtors as those in effect prior to the Petition Date, and the Debtors reserve the right to negotiate more favorable trade terms with any Shipper or Lien Claimant as a condition to payment of any such prepetition claim; and it is further

ORDERED, that nothing in this Interim Order shall prohibit the Debtors from seeking Court authority to increase the prepetition amounts authorized to be paid hereunder,

including amounts to be paid to the Critical Vendors, the Shippers and the Lien Claimants; and it is further

ORDERED, that nothing herein shall impair the Debtors' ability to contest, in their discretion, the validity and amounts of the Critical Vendor Claims, Shippers Claims and/or the Lien Claimant Claims; and it is further

ORDERED, that ~~all~~ undisputed obligations of the Debtors owing to vendors arising from the post-petition delivery of goods and post-petition rendering of services ordered prior to the Petition Date shall be granted administrative priority status and the Debtors shall be authorized to pay such obligations in the ordinary course of business pursuant to section 503(b) of the Bankruptcy Code; and it is further

ORDERED, that all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Interim Order whether presented prior to or after the Petition Date.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Interim Order to the extent the Debtors have good funds standing to their credit with such bank or other financial institution without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED, that the Debtors shall provide to the statutory committee of unsecured creditors and the Office of the United States Trustee reasonable and timely access to information sufficient to enable such parties to monitor payments made, obligations satisfied and other actions taken pursuant to this Interim Order; and it is further

ORDERED, that nothing in this Interim Order or the Motion shall be deemed to constitute post-petition assumption or rejection of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Final Hearing to consider entry of a Final Order granting the relief requested in the Motion on a final basis shall be held on **December 2, 2011 at 10:00 am Eastern Time**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) in accordance with General Order M-242, and served upon (a) proposed counsel to the Debtors, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Brian J. Lohan and Sophia P. Mullen; (b) the Office of the United States Trustee, 74 Chapel Street, Suite 200, Albany, New York 12207, Attn: Lisa Penpraze; and (c) counsel for any statutory committee appointed in these chapter 11 cases, in each case so as to be received no later than **5:00 pm Eastern Time on November 23, 2011**; and it is further

ORDERED, that the requirements of Bankruptcy Rule 6003(b) are satisfied; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order; and it is further

ORDERED, that (i) the fourteen (14) day stay under Bankruptcy Rule 6004(h) is hereby waived with respect to this Interim Order and (ii) the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

Dated: Poughkeepsie, New York
November 10 2011

*/s/ Cecelia G. Morris*
THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE

No Objection:
United States Trustee

By: /s/ Eric J. Small   11/9/11